IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA

| THOMAS W. CLARK, | ) | |
|---|---|---|
| | ) | Case No. _____ |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **COMPLAINT** |
| | ) | |
| GOODWILL OF THE GREAT PLAINS, | ) | |
| d/b/a GOODWILL INDUSTRIES | ) | |
| OF SIOUX CITY, | ) | |
| | ) | |
| Defendant. | ) | |

COMES NOW the Plaintiff, Thomas W. Clark, and hereby files this Complaint against Goodwill of the Great Plains, d/b/a Goodwill Industries of Sioux City. Mr. Clark states as follows:

## JURISDICTION

1. This action is instituted pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*, the Iowa Civil Rights Act, Chapter 216 of the Code of Iowa, and the Rehabilitation Act of 1973, 29 U.S.C. § 701 *et seq.* The jurisdiction of this Court is invoked under 28 U.S.C. §§ 1331, 1332, and 1343(a)(4).

2. This Court has jurisdiction over the related State claims pursuant to 28 U.S.C. § 1367.

3. The employment practices involved in this claim occurred within the Northern District of Iowa. Venue is proper pursuant to 28 U.S.C. § 1391(b).

4. Mr. Clark timely filed a complaint regarding the matters stated herein with the Iowa Civil Rights Commission and with the Equal Employment Opportunity Commission. He has requested and received an administrative release from each agency, attached hereto as Exhibits 1 and 2. Mr. Clark now files this Complaint within ninety days

of receiving such "right-to-sue" letters.

## PARTIES

5. The Plaintiff, Mr. Clark, is a citizen and resident of Sioux City, Woodbury County, Iowa.

6. Defendant, Goodwill of the Great Plains d/b/a Goodwill Industries of Sioux City, is a non-profit corporation incorporated under the laws of the State of Iowa with its home office in Sioux City, Woodbury County, Iowa.

## GENERAL ALLEGATIONS

7. From approximately January 20, 2012, through approximately August 15, 2014, Mr. Clark was employed with the Defendant company. He was employed with the Defendant company through a school-affiliated program. Mr. Clark is a disabled individual under the Americans With Disabilities Act, as amended, and under the Iowa Civil Rights Act. He has autism, attention deficit hyperactivity disorder, Tourette's syndrome, and hypermobility-type EDS.

8. As part of Mr. Clark's employment with the Defendant company, Mr. Clark was to receive transition services from the Defendant company. "Transition services" are a coordinated set of activities for a student like Mr. Clark, designed with an outcome-oriented process that is to promote movement from school to post-school activities, including potentially vocational training, integrated or supported employment, job coaching, and/or the development of job-seeking skills.

9. Mr. Clark did not receive transition services while in the employ of the Defendant company.

10. In April of 2014, Mr. Clark complained of wrist pain and was diagnosed as being in the early stages of the development of carpal tunnel syndrome.

11. As a result of this carpal tunnel diagnosis, Mr. Clark was placed on restrictions. However, it took two weeks for the Defendant company to move him into sorting clothes. They cut his hours to two hours per day.

12. When Mr. Clark's carpal tunnel syndrome-related restrictions were lifted, it took approximately three weeks before the Defendant company moved Mr. Clark back into sorting books and back into his regular work schedule.

## COUNT I:
## DISABILITY DISCRIMINATION

13. Plaintiff repleads and realleges each and every material allegation set forth above and incorporates the same by reference herein.

14. Based on the foregoing, Mr. Clark has permanent mental impairments that substantially limit his major life activities.

15. The Americans With Disabilities Act states at 42 U.S.C. § 12112(a):

> No covered entity shall discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment.

16. The Americans With Disabilities Act, 42 U.S.C. § 12112(b)(1) states as follows:

> As used in subsection (a) of this section, the term "discriminate against a qualified individual on the basis of disability" includes –
> (1) Limiting, segregating, or classifying a job applicant or employee in a way that adversely affects the opportunities or status of such applicant or employee because of the disability of such applicant or employee.

...

(5)(A) ...

(B) denying employment opportunities to a job applicant or employee who is and otherwise qualified individual with a disability, if such denial is based on the need of such covered entity to make reasonable accommodation to the physical or mental impairments of the employee or applicant; ...

17. The Iowa Civil Rights Act, Iowa Code § 216.6(1)(a), states as follows:

It shall be an unfair or discriminatory practice for any: ...
Person to refuse to hire, accept, register, classify, or refer for employment, to discharge any employee, or to otherwise discriminate in employment against any applicant for employment or any employee because of the ... disability of such applicant or employee, unless based upon the nature of the occupation. If a person with a disability is qualified to perform a particular occupation, by reason of training or experience, the nature of that occupation shall not be the basis for exception to the unfair or discriminating practices prohibited by this subsection.

18. The Defendant company denied Mr. Clark transition services which it provided to its other employees.

19. The Defendant company did not provide Mr. Clark with transition services because of his diagnoses as stated herein.

20. The Defendant company's conduct is thus in violation of Iowa Code § 216.6(1)(a), 42 U.S.C. §§ 12112(a), and/or 12112(b)(1), and § 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 701, *et seq*.

21. Because of this conduct on the part of the Defendant company, Mr. Clark has suffered damages.

22. Additionally, the Defendant company acted with malice or reckless indifference to Mr. Clark's right not to be discriminated against on the basis of his disabilities.

WHEREFORE, the Plaintiff, Thomas W. Clark, prays for a judgment in his favor against the Defendant, Goodwill of the Great Plains d/b/a Goodwill Industries of Sioux City, in an amount that will fairly and adequately compensate Mr. Clark for the injuries and damages he has stated herein, as well as for punitive damages and attorneys' fees and the costs of this action, including expert witness fees, and any and all relief that may be just and equitable under the circumstances and consistent with the purposes of the Iowa Civil Rights Act, Iowa Code Chapter 216, and the Americans With Disabilities Act as amended, 42 U.S.C. § 12101, *et seq*.

### COUNT II:
### WRONGFUL AND RETALIATORY DISCHARGE
### FOR HAVING A POTENTIAL WORKER'S COMPENSATION CLAIM

23. Plaintiff repleads and realleges each and every material allegation set forth above and incorporates the same by reference herein.

24. Mr. Clark was employed with the Defendant company from approximately January 20, 2012, through approximately August 15, 2014.

25. During the period of his employment with the Defendant company, Mr. Clark suffered a work-related injury – the onset of carpal tunnel syndrome – giving rise to a potential claim for worker's compensation benefits.

26. The availability of worker's compensation benefits to Mr. Clark was a determining factor in the Defendant company's diminution and/or non-provision of the same privileges and benefits to Mr. Clark which are available to the Defendant company's other employees.

27. The Defendant company acted with malice or reckless indifference to Mr. Clark's right not to be retaliated against for suffering a workplace injury potentially giving

rise to worker's compensation benefits.

28. As a result of the Defendant company's actions, Mr. Clark has suffered damages.

WHEREFORE, the Plaintiff, Thomas W. Clark, prays for a judgment in his favor against the Defendant, Goodwill of the Great Plains, d/b/a Goodwill Industries of Sioux City, in an amount that will fairly and adequately compensate Mr. Clark for the injuries and damages he has stated herein, as well as for punitive damages, and any and all relief that may be just and equitable under the circumstances.

## COUNT III:
## VIOLATION OF § 504 OF THE REHABILITATION ACT OF 1973, 29 U.S.C. § 701, *et seq.*

29. Plaintiff repleads and realleges each and every material allegation set forth above and incorporates the same by reference herein.

30. Mr. Clark worked at the Defendant company as part of a school-related program.

31. The Defendant company was providing services to Mr. Clark on behalf of Mr. Clark's school.

32. The Defendant company comes under the Federal Department of Education Relations as stated in 34 CFR §§ 102.4(k)(3) and 104.34(b).

33. Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794(a) provides:

> No otherwise qualified individual with a disability in the United States, as defined in section 705(20) of this title, shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving federal financial assistance [.]

34. Thomas Clark is a qualified individual with a disability within the meaning

Page **6** of **8**

Case 5:15-cv-04054-MWB   Document 1   Filed 06/23/15   Page 6 of 8

of 29 U.S.C. § 705(20) in that his aforementioned disabilities substantially limit his major life activities.

35. Mr. Clark's school is the recipient of federal financial assistance in the operation of its schools.

36. In violation of § 504, the Defendant company failed to make reasonable accommodations to enable Mr. Clark to receive education free from discrimination based upon his disabilities.

37. Because of the Defendant company's failure to provide reasonable accommodation to Mr. Clark, Mr. Clark has suffered damages.

38. This action seeks monetary damages. Monetary damages are not available under the Individuals with Disabilities Education Act, 20 U.S.C. § 1400, *et seq.* Mr. Clark is therefore relieved of any requirement to exhaust any administrative remedy as stated by 20 U.S.C. § 1415(l).

WHEREFORE, the Plaintiff, Thomas W. Clark, prays for a judgment in his favor against the Defendant, Goodwill of the Great Plains d/b/a Goodwill Industries of Sioux City, in an amount that will fairly and adequately compensate Mr. Clark for the injuries and damages he has stated herein, as well as for attorneys' fees and the costs of this action, including expert witness fees, and any and all relief that may be just and equitable under the circumstances and consistent with the purposes of Section 504 of the Rehabilitation Act of 1973.

Respectfully Submitted,

DUTTON, BRAUN, STAACK
& HELLMAN, P.L.C.
Attorneys for Plaintiff


BY:     \s\ Erin P. Lyons
Erin Patrick Lyons, AT0004800
3151 Brockway Road
P.O. Box 810
Waterloo, IA 50704
(319) 234-4471
(319) 234-8029 FAX
lyonse@wloolaw.com

i:\lit\clark.amanda\pleadings\complaint.docx