# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| THOMAS W. CLARK,<br><br>    Plaintiff,<br><br>vs.<br><br>GOODWILL OF THE GREAT PLAINS, d/b/a/ GOODWILL INDUSTRIES OF SIOUX CITY,<br><br>    Defendant. | No. C15-4054-MWB<br><br>**ORDER AND REPORT AND RECOMMENDATION** |

_____

## I.  INTRODUCTION

This matter is before the court pursuant to plaintiff's Application to Amend Complaint (Doc. 18). Plaintiff states that he seeks to 1) amend his complaint to add a claim for breach of contract, and 2) "omit" his previously-pled wrongful termination claim (Count II of the complaint). Doc. 18, at 1. Plaintiff also seeks, however, to have the court extend the deadlines in its scheduling order to permit plaintiff to amend the complaint after the deadline for doing so has expired. Doc. 18, at 2. Defendant resists plaintiff's application, arguing that plaintiff has failed to establish good cause for modifying the scheduling order to permit plaintiff to amend his complaint. Doc. 19. Defendant also argues that plaintiff's request to "omit" a count from his complaint is tantamount to a motion to dismiss a count, and although defendant does not resist dismissal of the count, defendant seeks an award of attorneys' fees and expenses tied to defending against that claim. For the reasons set forth below, the court: 1) denies plaintiff's application to amend his complaint to add a claim; and 2) recommends the district court grant plaintiff's motion to dismiss Count II of the complaint, but deny defendants' request for an award of attorneys' fees and expenses.

## II. PROCEDURAL AND FACTUAL BACKGROUND

Plaintiff is a twenty-one year old man who suffers from Autism, Tourette's Syndrome, Ehlers-Danlos Syndrome, and Attention Deficit Hyperactivity Disorder. Docs. 1, at 2, ¶7; 19-3, at 1. Defendant employed plaintiff from January 2012, through August 15, 2012, as part of an Individualized Education Plan program sponsored by the Sioux City School District. Docs. 1, at 2, ¶7; 19-3, at 1. Plaintiff claims defendant promised to provide him with "transition services," that is, "a coordinated set of activities … designed with an outcome-oriented process that is to promote movement from school to post-school activities, including potentially [sic] vocational training, integrated or supported employment, job coaching, and/or the development of job-seeking skills." Doc. 1, at 2, ¶8. Plaintiff asserts defendant did not provide him with these promised services. Doc. 1, at 2, ¶9. Plaintiff also asserts that he developed wrist pain and was diagnosed with the early stages of carpal tunnel syndrome and was placed on "restrictions." Doc. 1, at 3, ¶¶ 10-11. Plaintiff alleges that defendant did not "move him into sorting clothes" for two weeks, however, and "cut his hours." Doc. 1, at 3, ¶11. Finally, plaintiff alleges that after his restrictions were lifted, defendant did not move plaintiff back into other tasks and his regular schedule for approximately three weeks. Doc. 1, at 3, ¶12.

Plaintiff filed the complaint in this case on June 23, 2015. Doc. 1. Count I of the complaint alleges defendant discriminated against plaintiff based on his disability. Count II of the complaint alleges wrongful and retaliatory discharge in relation to a potential worker's compensation claim. Count III alleges a claim for denial of reasonable accommodation. On August 17, 2015, defendant filed an answer denying liability. Doc. 6.

On August 26, 2015, the parties filed a Proposed Scheduling Order and Discovery Plan. Doc. 7. On the same day, the court ruled that the parties' proposed "Scheduling Order and Discovery Plan is approved and adopted by this court." *Id.*, at 2.[1] The Scheduling Order provided that plaintiff's deadline for amending pleadings was October 23, 2015. *Id.*, at 1. On September 4, 2015, the court set this case for trial on October 31, 2016. Doc. 8, at 1.

On January 22, 2016, defendant deposed plaintiff. During the deposition, defense counsel questioned plaintiff about the alleged promised transition services. Plaintiff's Deposition (Pl. Depo.), at 16-17. Plaintiff stated that after he left Goodwill's employment, about "nine months ago," he looked up information about the services on defendant's website. Pl. Depo., at 17. Plaintiff also testified that in May 2014, he complained to Dan Meier (presumably a supervisor) about not receiving the services. Pl. Depo., at 17. When asked if he was aware of any employee receiving these services, plaintiff identified two people he claimed received such services. Pl. Depo., at 18.

On February 16, 2016, plaintiff filed his application to amend the complaint. Doc. 18.[2] This was almost a month after the deposition, and four months after the deadline for filing motions to amend pleadings. Plaintiff attached a copy of the proposed amended complaint. Doc. 18-3. The new complaint would eliminate what is now Count II, a wrongful termination claim, for a new Count II, alleging a breach of contract claim. On February 23, 2016, defendant filed a resistance to the motion (Doc. 19), and on February 26, 2016, plaintiff filed a reply (Doc. 20). Neither party requested oral

---

[1] The only change the court made to the parties' Proposed Scheduling Order was to change the trial ready date from September 12, 2016, to October 10, 2016.

[2] The court notes that plaintiff failed to comply with Local Rule 7, which requires filing of a motion with a separate attached brief. Plaintiff filed only a motion, which incorporated argument and authorities.

3

argument, and, in any event, oral argument is not necessary. The court deems the application to amend the complaint fully submitted.

### III. THE PARTIES' ARGUMENTS

In his application to amend the complaint, plaintiff cites to Fed.R.Civ.P. 15 and notes that courts "shall … freely" grant leave to amend complaints "when justice so requires." Doc. 18, at 2. Plaintiff concedes, however, that the deadline for amending pleadings has passed, so concludes that the court should modify the scheduling order so as to permit him to amend the complaint. *Id.* Plaintiff argues there is good cause for amending the scheduling order because defendant allegedly shifted its defense, and plaintiff claims he could not have known of the possible breach of contract claim until defendant took his deposition and through a question suggested that perhaps no employee received the benefits to which plaintiff claims he was entitled. Doc. 18, at 3-6; Doc. 20, at 2-3. Plaintiff argues that there is, therefore, good cause for modifying the scheduling order so as to permit him to amend his complaint.

As to "omitting" Count II from the proposed amended complaint, in his application, plaintiff merely "proposes to omit his previously-pled wrongful termination claim, Count II of the original Complaint." Doc. 18, at 1. Exactly why, and on what grounds, plaintiff would have the right to "omit" a claim, plaintiff does not explain; the remainder of his application pertains only to the request to add a claim. In his reply brief, plaintiff argues the court should analyze his application to omit a claim as a motion to voluntarily dismiss a case pursuant to Fed.R.Civ.P. 41(a)(2). Doc. 20, at 3.

Defendant argues plaintiff had sufficient information to assert a breach of contract claim prior to plaintiff's deposition in December 2015. Doc. 19-3, at 2-4. Defendant asserts that plaintiff cannot show good cause, as required under Fed.R.Civ.P. 16, to modify the scheduling order and claims it was prejudiced "in terms of attorneys' fees expended to respond to the plaintiff's meritless application." Doc. 19-3, at 4.

Defendant seeks attorneys' fees in relation to replying to plaintiff's motion to amend. Doc. 19-3, at 4-5. With regard to plaintiff's motion to "omit" his wrongful termination claim, defendant also cites Rule 41, does not resist the motion to dismiss the wrongful termination claim, but seeks sanctions in the form of attorneys' fees and expenses related to defending against that claim. Doc. 19-3, at 5-6.

## IV.   ANALYSIS

### A.  *Motion to Add a Claim*

Plaintiff is correct that Rule 15 of the Federal Rules of Civil Procedure generally provides that leave to amend a pleading "shall be freely given when justice so requires." Fed.R.Civ.P. 15(a). There is, of course, no absolute right to amend a pleading. *See Hammer v. Osage Beach*, 318 F.3d 832, 844 (8th Cir. 2003). Where, as here, however, the motion to amend a pleading would require modification of the scheduling order, then a party has the burden of demonstrating good cause. Fed.R.Civ.P. 16(b)(4); Local Rule 16(f) ("The deadlines established by the Rule 16(b) and 2(f) scheduling order and discovery plan will be extended only upon written motion and a showing of good cause.").

In multiple cases, this court has discussed the interplay between the liberal amendment provision of Rule 15 and the good cause requirement of Rule 16. *See*, *e.g.*, *Afshar v. WMG, L.C.*, 310 F.R.D. 408, 408-12 (N.D.Iowa 2015); *Pick v. City of Remsen*, 298 F.R.D. 408, 410-12 (N.D.Iowa 2014); *French v. Cummins Filtration, Inc.*, No. C-11-3024-MWB, 2012 WL 2992096 (N.D.Iowa July 19, 2012). In short, the party moving to modify a scheduling order in order to amend a pleading bears the burden of showing "diligence in attempting to meet the order's requirement." *Rahn v. Hawkins*, 464 F.3d 813, 822 (8th Cir. 2006). Although a court may consider prejudice to the non-moving party, courts generally will not address prejudice where a moving

party has failed to demonstrate diligence. *Bradford v. DANA Corp.*, 249 F.3d 807, 809 (8th Cir. 2001).

In this case, plaintiff claims he "has been diligent in litigating this case and in trying to follow the Scheduling Order," but blames defendant for what plaintiff perceives to be a shift in the defendant's theory of defense. Doc. 18, at 6. Plaintiff does not further describe or explain how he was diligent in pursuing a breach of contract claim or in seeking to comply with the court's deadlines. Plaintiff concedes that he "always" knew "that he had not received the transition services he was supposed to receive." Doc. 18, at 1. Plaintiff further contends that defendant's website forms the basis upon which he bases the breach of contract claim. Doc. 18, at 5. During his deposition, plaintiff admitted accessing this website approximately nine months before his January 22, 2016, deposition. Doc. 18-1, at 3. This would have been approximately two months before plaintiff filed the complaint in this case. Plaintiff, therefore, had sufficient information to plead the breach of contract claim. There is nothing in plaintiff's interpretation of questions asked of him during his deposition which constitutes new evidence establishing a claim of action plaintiff did not previously know, or should have known, he had. There is nothing in this record, other than plaintiff's mere assertion, which establishes due diligence of complying with this court's scheduling order. The court finds no good cause for plaintiff's failure to move to amend the complaint until four months after the deadline for doing so. *See*, *e.g.*, *Afshar*, 310 F.R.D. at 411 (finding plaintiff "failed to demonstrate good cause to allow an amendment to her complaint more than four months after the scheduling order deadline).

Alternatively, the court finds plaintiff has failed to show excusable neglect for moving to modify a deadline after it has passed. As discussed above, the court may modify a scheduling order for good cause. Fed.R.Civ.P. 16(b)(4). This standard presupposes that the party moves to modify the schedule prior to expiration of the

deadline. Rule 16 does not govern where, as here, a party moves to extend deadlines after the deadline has passed. Rather, Rule 6(b)(1)(B) of the Federal Rules of Civil Procedure provides that "the court may, for good cause," extend a deadline "on motion made after the time has expired if the parties failed to act because of excusable neglect." Rule 6 applies to "any time period specified in [the Federal Rules of Civil Procedure], [and] in any local rule <u>or court order</u> . . . ." Fed.R.Civ.P. 6 [emphasis added].

The Federal Rules of Civil Procedure do not define "excusable neglect." In *Pioneer Inv. Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 392 (1993), the Supreme Court found that "'excusable neglect' under Rule 6(b) is a somewhat 'elastic concept' and is not limited strictly to omissions caused by circumstances beyond the control of the movant." In determining whether excusable neglect exists, a court therefore must consider "all relevant circumstances surrounding the party's omission." *Id*. See also *Fink v. Union Central Life Ins. Co.*, 65 F.3d 722, 724 (8th Cir. 1995) (*citing Pioneer*, 507 U.S. at 395). These circumstances include:

(1) The danger of prejudice to the non-moving party;

(2) The length of delay and its potential impact on judicial proceedings;

(3) The reason for the delay, including whether it was within the control of the movant; and

(4) Whether the movant acted in good faith.

*Treasurer, Trustees of Drury Industries, Inc. Healthcare Plan and Trust v. Goding*, 692 F.3d 888, 893 (8th Cir. 2012) (*citing Pioneer*). The four factors do not, however, carry equal weight; "the excuse given for the late filing must have the greatest import." *Lowry v. McDonnell Douglas Corp.*, 211 F.3d 457, 463 (8th Cir. 2000).

The court takes seriously the discovery deadlines it imposes so as to "secure the just, speedy, and inexpensive determination of every" case. Fed.R.Civ.P. 1. The court expects parties to adhere to the deadlines imposed by the court, especially when the

parties themselves propose the deadlines. Although courts should be flexible in permitting parties to amend pleadings in response to new information learned during discovery, the court must balance that interest against the need for the timely resolution of cases and avoiding prejudice to other litigants.

In evaluating the relevant circumstances in this case, the court concludes that plaintiff has failed to demonstrate excusable neglect. As to prejudice, plaintiff argues there is none for defendant. Doc, 18, at 6. Defendant disagrees, but the prejudice it points to are the attorneys' fees related to responding to plaintiff's motion. Doc. 19, at 4. That is not the type of prejudice contemplated by Rule 6. Nevertheless, the court believes defendant may be prejudiced by the need to conduct additional discovery at this late date on plaintiff's new theory of recovery. The scheduling order provides that the discovery deadline is April 29, 2016. Doc. 7. Were the court to allow plaintiff to add a breach of contract claim, the court should reasonably anticipate additional discovery would be necessary to respond to this new theory of recovery.

The length of the delay in disclosure weighs against granting plaintiff's motion. Plaintiff's deadline for amending pleadings was October 23, 2015. Plaintiff brings this motion almost four months after the deadline, and almost a month after plaintiff's deposition, when he claims was the first time he could have anticipated the possible breach of contract claim.

The reason for the delay is weak. As set forth above, plaintiff had all of the information necessary to bring a breach of contract claim prior to the filing of the complaint in this case. Plaintiff's interpretation of questions posed to him during a deposition, as indicating defendant may adopt a new theory of defense to existing claims, does not establish new facts giving rise to a breach of contract claim.

Finally, the court does not find plaintiff acted in bad faith.

Taking into account all of the relevant circumstances surrounding plaintiff's failure to move to modify the scheduling order until four months after the deadline passed, and giving the greatest weight to the reason for the failure to meet the deadline, the court finds plaintiff has failed to demonstrate excusable neglect for this failure to move to modify the scheduling order before the deadline passed.

As to defendant's prayer for sanctions for having to reply to plaintiff's motion to amend, the court denies it. Defendant fails to articulate under which rule or statute it is seeking sanctions (sanctions may be imposed pursuant to Fed.R.Civ.P. 11, 16, 26, & 37, and pursuant to 28 U.S.C. §1927).[3] Nor does defendant allege a contractual provision entitling it to attorneys' fees and expenses. The well-settled American Rule on attorney fees in federal courts requires that, absent a statute or enforceable contract, each party is responsible for its own fees. *Lamb Eng'g & Constr. Co. v. Nebraska Public Power Dist.*, 103 F.3d 1422, 1435 n. 14 (8th Cir. 1997). Finally, defendant has failed to demonstrate that plaintiff's motion was frivolous or otherwise made in bad faith. Accordingly, the court denies defendant's request for an award of attorneys' fees and expenses defendant incurred in relation to plaintiff's motion to amend the complaint to add a claim or to modify the scheduling order.

### B. Motion to "Omit" a Claim

With regard to plaintiff's motion to omit the wrongful termination claim, the court deems it to be a motion to dismiss. As a United States Magistrate Judge, I do not have the authority to dismiss a claim. Accordingly, with respect to this portion of plaintiff's application, I can only provide a report and recommendation to the district court. *See, e.g.*, *Transwitch v. Galazar Networks, Inc.*, 377 F. Supp. 2d 284, 288 n.4 (D. Mass.

---

[3] In addition, some statutes provide for awards of attorneys' fees and expenses to prevailing parties, such as the Copyright Act, 17 U.S.C. §505.

2005) (finding the magistrate judge properly treated a motion to amend a complaint which would drop a claim as dispositive, requiring a report and recommendation).

Both parties argue the court should analyze plaintiff's motion to dismiss the wrongful termination claim pursuant to Rule 41(a)(2). Doc. 19-3, at 5; Doc. 20, at 3. Both parties are mistaken. Rule 15 applies to motions to amend complaints where a plaintiff seeks to dismiss less than all claims, while Rule 41 applies to motions to dismiss the "action," meaning the entire case. *See Envtl. Dynamics, Inc. v. Robert Tyler & Assocs., Inc.*, 929 F. Supp. 1212, 1224-26 (N.D.Iowa 1996) (noting similarity between Rules 15 and 41, and explaining when each applies). As such, for the reasons set forth above, plaintiff must again show good cause for modifying the scheduling order so as to allow him to amend the complaint. Here, plaintiff has made no showing of good cause for modifying the scheduling order, nor has he shown excusable neglect for failing to seek modification of the order prior to expiration of the deadline. On the other hand, defendant does not seriously resist the motion and agrees it "deserves dismissal." Doc. 19-3, at 5. The court, therefore, treats this as an unresisted motion to dismiss a claim. There appearing no good reason to maintain a claim both parties believe should be removed from the complaint, I recommend the district court dismiss it.

There remains defendant's request for an award of attorneys' fees and expenses related to defending against the claim. Doc. 19-3, at 5. Defendant again fails to articulate under what authority the court should award attorneys' fees and expenses. Defendant asserts the wrongful termination claim was "meritless" and lacked a "sufficient factual or legal basis to establish claims upon which any relief may be granted." *Id.* That may be, but the record before the court is insufficient for it to reach that same conclusion, let alone justify imposition of an award of attorneys' fees.

Accordingly, I recommend the district court grant plaintiff's application to amend the complaint to the extent it seeks dismissal of Count II, and that it deny defendant's motion for imposition of attorneys' fees and expenses.

## V. CONCLUSION

For the reasons set forth herein, plaintiff's Application to Amend Complaint (Doc. 18) is **denied** to the extent plaintiff seeks to add a claim of breach of contract.

It is further **recommended** that the district court **grant** plaintiff's Application to Amend Complaint to the extent plaintiff seeks to dismiss the wrongful termination claim (Count II), and that the district court **deny** defendant's request for an award of attorneys' fees and expenses related to defending against that claim.

Objections to the portion of this order referencing a Report and Recommendation in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b) must be filed within fourteen (14) days of the service of a copy of this Report and Recommendation. Objections must specify the parts of the Report and Recommendation to which objections are made, as well as the parts of the record forming the basis for the objections. *See* Fed. R. Civ. P. 72. Failure to object to the Report and Recommendation waives the right to *de novo* review by the district court of any portion of the Report and Recommendation as well as the right to appeal from the findings of fact contained therein. *United States v. Wise*, 588 F.3d 531, 537 n.5 (8th Cir. 2009). Any response to an objection must be filed within seven (7) days of service of the objection. Local Rule 72.1.

**IT IS SO ORDERED** this 23rd day of March, 2016.

_____
C.J. Williams
United States Magistrate Judge
Northern District of Iowa