# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| THOMAS W. CLARK,<br><br>Plaintiff,<br>vs.<br><br>GOODWILL OF THE GREAT PLAINS,<br>d/b/a Goodwill Industries of Sioux City,<br><br>Defendant. | No. C 15-4054-MWB<br><br>**MEMORANDUM OPINION AND ORDER REGARDING REVIEW OF MAGISTRATE JUDGE'S ORDER AND REPORT AND RECOMMENDATION** |

_____

**TABLE OF CONTENTS**

*I.   INTRODUCTION*..................................................................*2*

*II.  LEGAL ANALYSIS* ..............................................................*5*
   *A.  Standard Of Review* .......................................................*5*
   *B.  Dismissal Of The Wrongful Discharge Claim*.............................*6*
   *C.  Denial Of Leave To Amend*...............................................*7*

*III. CONCLUSION* ..................................................................*11*

This case is before me on plaintiff Thomas W. Clark's April 6, 2016, Objection To The Magistrate's Order Of March 23, 2016 (docket no. 22). Clark seeks review of United States Magistrate Judge C.J. Williams's March 23, 2016, Order And Report And Recommendation (docket no. 21). In that Order, Judge Williams denied Clark's February 16, 2016, Application To Amend Complaint (docket no. 18) as to the addition of a breach-of-contract claim and recommended that I grant Clark's request to dismiss his wrongful discharge claim. Clark objects to the denial of his request to amend his Complaint to add a breach-of-contract claim.

## I.     INTRODUCTION

Briefly, Clark alleges that he is disabled by autism, attention deficit hyperactivity disorder, Tourette's syndrome, and hypermobility-type EDS. He alleges that he was employed by defendant Goodwill of the Great Plains, doing business as Goodwill Industries of Sioux City, a non-profit corporation, (Goodwill) from about January 20, 2012, through about August 15, 2014, through a school-affiliated program that was to provide "transition services" designed to promote movement from school to post-school activities. He alleges that he did not receive "transition services" while employed by Goodwill. He also alleges that, in April 2014, he was diagnosed with the early stages of carpal tunnel syndrome. He alleges that Goodwill took two weeks to implement work restrictions, but only did so with a substantial cut in his hours. He alleges, further, that when his restrictions were lifted, it took Goodwill another three weeks to move him back to his original position and work schedule. *See* Complaint (docket no. 1), ¶¶ 7-12. Clark originally asserted claims of disability discrimination, in violation of the Americans with Disabilities Act (ADA) and the Iowa Civil Rights Act (ICRA), in Count I; wrongful and retaliatory discharge for having a potential workers compensation claim, in Count II; and violation of the Rehabilitation Act of 1973, in Count III.

On February 16, 2016, well after the deadline of October 23, 2015, to amend pleadings in the August 26, 2015, Scheduling Order (docket no. 7), Clark filed his Application To Amend Complaint (docket no. 18), in which he sought to "omit his previously-pled wrongful termination claim," in Count II, and "to add a claim of breach of contract." Thus, Clark's proffered Amended Complaint alleges disability discrimination in violation of the ADA and the ICRA, in Count I; violation of the Rehabilitation Act, in Count II (formerly Count III); and a new claim of "common law breach of contract," in Count III. Clark argued that the new breach-of-contract claim was prompted by questions by defense counsel during his deposition, which he believed

"clearly" indicated that Goodwill's position is now that no one was offered the "transition services" that he did not receive. Thus, he argued, if Goodwill did not deprive him of "transition services" because of discrimination, then Goodwill deprived him of "transition services" through a breach of its contract of employment with him. Under the circumstances, he argued that his request to amend his Complaint to add a breach-of-contract claim was diligently presented. In its Resistance (docket no. 19), filed February 23, 2016, Goodwill did not resist dismissal of Clark's wrongful discharge claim, but did resist amendment of his Complaint to add a breach-of-contract claim. Goodwill argued that Clark has always known, and admits that he has always known, that he did not receive certain specific "transitional services" and that nothing in defense counsel's questions about whether Clark knew of other employees who had received such services suggested anything other than exploration of Clark's discrimination claim. Thus, Goodwill argued that those questions did not warrant a belated "change [of] horses" to assert a new claim on a new legal theory, but the same central facts. Indeed, Goodwill requested attorneys' fees as sanctions for the belated dismissal of one claim and the belated attempt to add another. In a Reply (docket no. 20), filed February 26, 2016, Clark reiterated his assertion that Goodwill has changed its argument about "transition services" between its Answer and his deposition, from an argument that he did receive such services to an argument that no one received such services, so that he ought to be able to respond.

In his Report And Recommendation, Judge Williams rejected Clark's argument that he had been "diligent" in litigating his breach-of-contract claim or in complying with the Scheduling Order, as required for a belated amendment and extension of the amendment deadline under Rule 16 of the Federal Rules of Civil Procedure. Report And Recommendation at 6. He found that Clark had conceded that he had "always" known that he had not received the "transition services" that he was supposed to receive; that he had accessed Goodwill's website describing "transition services" nine months before his

deposition and two months before he filed his original Complaint; that there was nothing in his interpretation of questions asked in his deposition that constituted new evidence that he did not know; and that he had not moved to amend until one month after his deposition and four months after the deadline. *Id*. Judge Williams also found that Clark could not show "excusable neglect" for a belated request to extend the amendment deadline, as required by Rule 6(b)(1)(B), because Clark's reason for the delay was "weak"; that Goodwill was prejudiced, not by attorneys' fees related to the motion, as Goodwill argued, but by the need to conduct additional discovery on the new claim; and that Clark had unduly delayed requesting an extension of the deadline. *Id*. at 7-9. Thus, Judge Williams denied Clark's request to amend his Complaint, but also denied Goodwill's request for sanctions. *Id*. at 9. Judge Williams also concluded that he could only recommend, not order, the dismissal of Clark's wrongful discharge claim, but that there was no good reason to maintain a claim that both parties believe should be dismissed, so he would so recommend. *Id*. at 10.

In the Objection now before me, Clark asks that the portion of Judge Williams's Order denying his Application To Amend His Complaint be reversed and that his Application be granted in its entirety. In support of his Objection, Clark reiterates his contention that Goodwill's Answer indicated that it admitted that it was to provide him with "transition services" and denied that it had failed to do so, but that the questions in his deposition clearly indicated that Goodwill would now assert that no one was ever offered the "transition services" that he did not receive, which should open the door to a breach-of-contract claim. He contends that he was "diligent" in his efforts to meet the deadlines in the Scheduling Order, because he was acting on the understanding of the parties' positions until his deposition, but that he could not foresee Goodwill's change of position during his deposition. He also contends that the deposition of his former supervisor, Dan Meier, indicates not only that he did not receive various specific

"transition services," but that Meier could not remember any other participant in the same program receiving such services.

## II. LEGAL ANALYSIS
### A. Standard Of Review

Rule 72(a) of the Federal Rules of Civil Procedure provides for review of a magistrate judge's ruling on any "nondispositive" matter—that is, "a pretrial matter not dispositive of a party's claim or defense"—in pertinent part, as follows:

> A party may serve and file objections to the order within 14 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to. The district judge in the case must consider timely objections *and modify or set aside any part of the order that is clearly erroneous or is contrary to law*.

FED. R. CIV. P. 72(a) (emphasis added). This part of the rule does not provide for *de novo* review of a magistrate judge's ruling on a "nondispositive" matter.

In contrast, Rule 72(b) provides for *de novo* review of a magistrate judge's report and recommendation on a "dispositive" matter, *when objections are made*, as follows:

> *A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.* A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1) (2006) (emphasis added); *see* FED. R. CIV. P. 72(b) (stating identical requirements); N.D. IA. L.R. 72, 72.1 (allowing the referral of dispositive matters to a magistrate judge but not articulating any standards to review the magistrate judge's report and recommendation). Thus, "[a]ny party that desires plenary consideration by the Article III judge of any issue need only ask." *Thomas v. Arn*, 474

U.S. 140, 154 (1985). Clark has not asked for such plenary consideration of Judge Williams's recommendation that I dismiss his wrongful discharge claim.

*In the absence of an objection* to a ruling on a "dispositive" matter, the district court is not required "to give any more consideration to the magistrate's report than the court considers appropriate." *Thomas*, 474 U.S. at 150; *see also Peretz v. United States*, 501 U.S. 923, 939 (1991) (stating that § 636(b)(1) "provide[s] for de novo review *only* when a party objected to the magistrate's findings or recommendations" (emphasis added)); *United States v. Ewing*, 632 F.3d 412, 415 (8th Cir. 2011) ("By failing to file objections, Ewing waived his right to de novo review [of a magistrate judge's report and recommendation on a suppression motion] by the district court."). The Eighth Circuit Court of Appeals has indicated, however, that a district court should review the portions of a magistrate judge's report and recommendation to which no objections have been made under a "clearly erroneous" standard of review. *See Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (noting that, when no objections are filed and the time for filing objections has expired, "[the district court judge] would only have to review the findings of the magistrate judge for clear error"); *Taylor v. Farrier*, 910 F.2d 518, 520 (8th Cir. 1990) (noting that the Advisory Committee's Note to FED. R. CIV. P. 72(b) indicates "when no timely objection is filed the court need only satisfy itself that there is no clear error on the face of the record").

Thus, under the circumstances presented here, my review of the entirety of Judge Williams's Order And Report And Recommendation is for clear error and, as to denial of leave to amend, also whether the ruling is contrary to law.

### B. *Dismissal Of The Wrongful Discharge Claim*

I find no clear error in Judge Williams's recommendation that I dismiss Clark's wrongful discharge claim, in Count II of his original Complaint, and no party has asserted

any such error. I find no clear error in—and, indeed, agree with—Judge Williams's conclusion that there is no good reason to maintain a claim that both parties believe should be removed from the Complaint. Nor do I find any clear error in Judge Williams's conclusion that Goodwill is not entitled to any sanctions against Clark relating to pleading or dismissal of this claim, because Goodwill cited no authority for such sanctions, and I, like Judge Williams, have found none. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b); *Grinder*, 73 F.3d at 795. Therefore, I accept, without modification, the part of Judge Williams's Order And Report And Recommendation recommending that I grant Clark's Application To Amend Complaint to the extent that Clark seeks to dismiss the wrongful discharge claim in Count II of his original Complaint. I also accept, without modification, that part of the Order And Report And Recommendation recommending that I deny Goodwill's request for an award of attorneys' fees and expenses related to defending against that claim.

### C. *Denial Of Leave To Amend*

I also find that the part of Judge Williams's Order And Report And Recommendation denying Clark's Application To Amend Complaint to add a breach-of-contract claim is neither clearly erroneous nor contrary to law. FED. R. CIV. P. 72(a). As to that part of the Order, Clark disputes Judge Williams's conclusion that the questions asked by defense counsel in Clark's deposition are not contrary to Goodwill's prior position about "transitional services" or, at least, provide no sufficient indication that Goodwill's position has changed, such that it is now just to allow Clark to plead a breach-of-contract claim. Again, I find that this conclusion is not clearly erroneous or contrary to law. *Id*.

Specifically, it is true that Goodwill's Answer to Clark's original Complaint included an admission that Clark was to receive "transition services" from Goodwill, although the pertinent paragraph of Clark's Complaint did not list some of the specific

7

"transition services" that he now asserts he should have received. *See* Complaint at ¶ 8; Answer at ¶ 9. It is also true that Goodwill's Answer included a denial of Clark's allegation that he did not receive "transition services" while in the employ of Goodwill. *See* Complaint at ¶ 9; Answer at ¶ 9. Like Judge Williams, however, I simply do not see the questions that defense counsel asked Clark during his deposition, to which Clark points, as "clearly"—or even arguably—demonstrating that Goodwill has changed its position to be that no one was offered the "transition services" that Clark did not receive.[1]

---

[1] Specifically, in his Application To Amend Complaint, Clark pointed to the following exchange during his deposition:

> Q. [By defense counsel] And when you talked to Dan Meier in May of 2014 about services, did you specifically complain to him that you were not receiving these soft services as you've described?
>
> A. Yes.
>
> Q. And you don't recall what his response was?
>
> A. No.
>
> Q. And you can't identify anyone at Goodwill, any employee that received those services while you were there?
>
> A. Before I left?
>
> Q. Yes.
>
> A. The people that had left while I was there, before I left, I could identify two.
>
> Q. Do you know that they specifically received these services, or know that they left Goodwill and got another job?
>
> A. I know that they left, got another job, and told me about a lot of how they did it in the help that set skills trainers provided.

Rather, those questions—even including a question assuming that other employees did not get the services that Clark claims he should have received—show only that Goodwill was attempting to determine whether Clark had any evidence that similarly situated people were treated differently. Such questions are entirely consistent with exploration of issues pertinent to a disability discrimination claim. *See, e.g., EEOC v. Product Fabricators, Inc.*, 763 F.3d 963, 970 (8th Cir. 2014) (explaining, in an ADA case, "'A plaintiff may show pretext, among other ways, by showing that an employer (1) failed to follow its own policies, [or] (2) treated similarly-situated employees in a disparate manner. . . .' *Lake v. Yellow Transp., Inc.*, 596 F.3d 871, 874 (8th Cir. 2010). Whether the employees are 'similarly situated' is a rigorous test because the employees used for comparison must be 'similarly situated in all relevant respects.' *Evance v. Trumann Health Servs., LLC*, 719 F.3d 673, 678 (8th Cir.) (quotation omitted), *cert. denied*, --- U.S. ----, 134 S.Ct. 799, 187 L.Ed.2d 596 (2013)."). Questions about whether Clark knew of other employees who were similarly situated but treated differently as to receiving "transition services" of the kind that he alleges he should have received simply

---

Plaintiff's Application To Amend Complaint, ¶ 9; Exhibit 1, Deposition of Thomas W. Clark, 17:15-18:10. In his Objection, Clark also pointed to the following exchange from his deposition:

> Q. So you never actually saw anyone getting the services that you say you should have received?
>
> A. Uh-huh.
>
> Q. Is that a yes?
>
> A. Yes.
>
> Q. Let's just assume for a minute no one else got those services either. If that's true, then how was it that you were discriminated against?

Plaintiff's Objection, ¶ 15; Defendant's Response, Exhibit B, Deposition of Thomas W. Clark, 12:7-12:14.

do not contradict a prior representation, in Goodwill's Answer, that Clark was supposed to and did receive some "transition services." Thus, such questions do not reasonably suggest that Goodwill will argue that no one was offered *any* "transition services." Indeed, Clark has cited no explicit statement by Goodwill "that it is Defendant's position that no one was offered the transition services the plaintiff did not receive," Plaintiff's Application To Amend Complaint at ¶ 3, "that the Plaintiff was not supposed to receive the promised transition services at all," *see id.* at ¶ 9, or that "it did not agree to provide the transition services stated on its website to the Plaintiff," *see id.* at ¶ 11, as Clark describes Goodwill's "new" position. Rather, Clark must resort to arguments that he *believes* that Goodwill was "setting up" a different position, that he *thinks* defense counsel's questions "clearly" show an intent to rely on a different position, or, most tellingly, that Goodwill "apparently" is asserting a new position. *See* Plaintiff's Reply at ¶ 3.

Yet, even if I were to believe that Judge Williams clearly erred by not accepting the inferences that Clark contends are "clear" from defense counsel's questions in his deposition, I would still find no clear error in Judge Williams's denial of leave to amend, nor would I find that the denial was contrary to law. This is so, because Clark does not dispute Judge Williams's findings that he had conceded that he had "always" known that he had not received the "transition services" that he was supposed to receive; that he had accessed Goodwill's website describing "transition services" nine months before his deposition and two months before he filed his original Complaint; that he had not moved to amend until one month after his deposition and four months after the deadline for amendments; and that Goodwill would be prejudiced by the need to conduct additional discovery on the new claim. Report And Recommendation at 6-9. I find no clear error in those findings. *See* FED. R. CIV. P. 72(a). Indeed, I entirely agree with those findings on the record presented. Those findings demonstrate that there were no new *facts* forming the basis for a breach-of-contract claim revealed for the first time in Clark's

10

deposition. Even after Clark learned of Goodwill's purportedly new position at his deposition, he waited almost another month, for a total of four months after the deadline for amendments, before seeking leave to amend his Complaint to assert his breach-of-contract claim based on that purportedly new position. Consequently, the belated assertion of a new claim based on old facts was not the result of either "diligence" or "good cause." *See, e.g., Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 716-18 (8th Cir. 2008) (explaining "good cause" and "diligence").

Judge Williams's denial of Clark's request to add a new breach-of-contract claim to his Complaint is affirmed. For the same reasons that I accepted Judge Williams's recommendation to deny Goodwill's request for sanctions relating to Clark's wrongful discharge claim, I also affirm Judge Williams's denial of Goodwill's request for sanctions relating to the breach-of-contract claim.

### III. CONCLUSION

Upon the foregoing,

1. Plaintiff Thomas W. Clark's April 6, 2016, Objection To The Magistrate's Order Of March 23, 2016 (docket no. 22) is **overruled**;

2. I **accept**, without modification,

   a. the part of Judge Williams's March 23, 2016, Order And Report And Recommendation recommending that I grant Clark's Application To Amend Complaint to the extent that Clark seeks to dismiss the wrongful discharge claim in Count II of his original Complaint, and

   b. the part of the Order And Report And Recommendation recommending that I deny Goodwill's request for an award of attorneys' fees and expenses related to defending against that claim.

Consequently, Clark's wrongful discharge claim in Count II of his original Complaint is **dismissed**, and Goodwill's request for sanctions relating to that claim is **denied**.

3. The part of Judge Williams's March 23, 2016, Order And Report And Recommendation denying Clark's February 16, 2016, Application To Amend Complaint (docket no. 18) as to the addition of a breach-of-contract claim and denying Goodwill's request for sanctions relating to the attempt to add that claim are **affirmed**.

**IT IS SO ORDERED**.

**DATED** this 15th day of April, 2016.

_____
MARK W. BENNETT
U.S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA